## SUPREME COURT.

### Betsey Tippel agt. Henry Tippel.

*Held*, that under § 114 of the code, the wife may properly bring a suit *alone*, (without a next friend,) against her husband, for a limited divorce for cruel treatment.

*It seems* that in all cases between herself and husband (if not an infant,) she may sue alone, under that section, without a next friend. (*This is adverse to Coit* v. *Coit, ante, p.* 232.)

*Otsego Special Term, April* 1850.—This was an action brought by the wife against her husband for limited divorce on the ground of cruel treatment.

A. Becker, *for the defendant*, moved to set aside the summons and complaint, on the ground that the plaintiff should have sued by her next friend; and relied on the case of *Coit* agt. *Coit*, (Howard's Pr. Rep. vol. 4, page 232, and cases there cited.)

Burditt, *for plaintiff*.

Monson, Justice.—The Chancery Rule 163, published in 1844, required that a *feme covert*, in a bill filed for a limited divorce, should prosecute by a responsible person, as her next friend. The like provision is contained in the Supreme Court Rule 111, of 1847. But in the late rules, as published in 1849, this clause is omitted. (See Rule 68, and note.) No rule of court, therefore, exists, requiring the plaintiff in this action to sue by a next friend.

Before the code, a *feme covert* might sue without a next friend in the case of a bill filed for an absolute divorce for adultery; and Ch. J. Savage and several eminent lawyers and senators also held that she might sue without a next friend, for a limited divorce. Still, a majority of the court in the case of *Wood* v. *Wood*, (8 Wend. 370,) held that in the latter case a next friend was necessary; and for the reason mainly that the 2 R. S. 144, § 39, provides that "a bill of divorce may be exhibited by a wife in her own name as well as by her husband;" while, in the article treating of limited divorces, (2 R. S. 146, § 50,) the phrase "*in her own name*," is omitted; and partly, perhaps, that the chancellor, in the exercise of sufficient authority, had established the rule aforesaid.

By the code as amended, (§ 114,) "when a married woman is a party her husband must be joined with her, except that,

1. When the action concerns her separate property, she may sue alone.

2. When the action is between herself and her husband, she may sue

or be sued alone; and the next section provides that when an infant is a party, he must appear by guardian.

Now this would seem to be plain enough to "enable a person of common understanding to know what is intended." It seems to be conceded that a *feme covert* may sue without a next friend, in the case of an absolute divorce for adultery. But the language of the code is the same in both cases.

The construction attempted to be put upon the code is, that the phrase "she may sue alone," means only without joining her husband. The second subdivision before referred to would then read thus: the wife may sue her husband alone, without joining her husband, or she may be sued by her husband alone without joining her husband; a reading which, I think, is not justly chargeable upon the code.

I am clearly of opinion that this action is regularly brought, and the motion is therefore denied.